**HOURIGAN, KLUGER & QUINN**
A PROFESSIONAL CORPORATION

BY:    Nicole M. Santo, Esquire                    ATTORNEY FOR PLAINTIFFS

IDENTIFICATION No.  309043

LAW OFFICES
600 THIRD AVENUE
KINGSTON, PA 18704-5815
(570) 287-3000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARILYN A. GIAMBRA, Individually,    :
and as the Administratrix of the ESTATE    :    CIVIL ACTION - LAW
OF PATRICK SAMUEL GIAMBRA,    :
                             :
             Plaintiffs    :
                             :
       vs.    :    ***JURY TRIAL DEMANDED***
                             :
CHRISTINA DEVORE and SAMARA    :
WOOSTER as the Co-Administrators of the :
ESTATE OF JEFFREY R. WOOSTER,    :
R.L. JOHNSON, INC. and    :    No.
SUPERIOR TRUCK LINES INC.,    :
                             :
           Defendants    :

## COMPLAINT

The Plaintiff, Marilyn A. Giambra, Individually, and as the Administratrix

of the Estate of Patrick Samuel Giambra (hereinafter referred to as "Plaintiff"), by

and through her counsel, Hourigan, Kluger & Quinn, P.C., hereby complains

against the above-named Defendants as follows:

2283806.1

## PARTIES

1.    The Plaintiff, Marilyn A. Giambra, is an adult individual who resides at 190 East 7th Street, Wyoming, Luzerne County, Pennsylvania 18644.

2.    The Plaintiff, Marilyn A. Giambra, is the Administratrix of the Estate of her deceased husband, Patrick Samuel Giambra (hereinafter referred to as "Plaintiff's Decedent"), having been granted Letters Testamentary by the Register of Wills of Luzerne County, Pennsylvania on or about April 11, 2017, following the death of Patrick Samuel Giambra on March 14, 2017.

3.    The Defendants, Christina Devore and Samara Wooster, are the Co-Administrators of the Estate of Jeffrey R. Wooster (hereinafter referred to as "Defendants' Decedent"), having been appointed by Cayuga County, Surrogate's Court, New York on or about May 3, 2016, following the death of Jeffrey R. Wooster on February 24, 2016.

4.    The Defendant, R.L. Johnson, Inc., is a New York Corporation with its principal place of business located at 181 Budd Road, Newark, Wayne County, New York 14513.

5.    The Defendant, R.L. Johnson, Inc., engages in the business of interstate trucking.

2283806.1

2

6.     The Defendant, Superior Truck Lines Inc., is a New York Corporation with its principal place of business located at 181 Budd Road, Newark, Wayne County, New York 14513.

7.     The Defendant, Superior Truck Lines Inc., engages in the business of interstate trucking.

## JURISDICTION

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between the Plaintiff and Defendants; and (2) the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## FACTUAL BACKGROUND

9.     On September 18, 2015, at approximately 5:50 p.m., the Plaintiff, Marilyn A. Giambra, and her deceased husband, Patrick Samuel Giambra, were traveling on Interstate 81 North in their 2009 Hyundai Elantra vehicle bearing Pennsylvania Registration plate IDOYOGA, at or near mile marker 103 in Pine Grove Township, Schuylkill County, Pennsylvania, on their way home from an appointment in Hershey.

2283806.1

10.    The Plaintiff, Marilyn A. Giambra, was driving the aforesaid vehicle and the Plaintiff's Decedent, Patrick Samuel Giambra, was seated in the front passenger seat.

11.    On the aforesaid date and time, the Defendants' Decedent, Jeffrey R. Wooster, was also traveling on Interstate 81 North in a 2011 International Harvester tractor-trailer, bearing New York Registration plate 30014PC, directly behind the Plaintiff, Marilyn A. Giambra, and the Plaintiff's Decedent, Patrick Samuel Giambra.

12.    At all times relevant hereto, the Plaintiff believes, and therefore, avers that the aforesaid 2011 International Harvester tractor-trailer, operated by the Defendants' Decedent, Jeffrey R. Wooster, was owned by the Defendant, R.L. Johnson, Inc. and/or the Defendant, Superior Truck Lines Inc.

13.    At all times relevant hereto, the Plaintiff believes, and therefore, avers that the Defendants' Decedent, Jeffrey R. Wooster, was an employee, workman, servant, and/or agent of the Defendant, R.L. Johnson, Inc. and/or the Defendant, Superior Truck Lines Inc., and was operating the aforesaid 2011 International Harvester tractor-trailer within the course and scope of his agency and/or employment, and under the direction and control of the Defendant, R.L. Johnson, Inc. and/or the Defendant, Superior Truck Lines Inc.

2283806.1

14.    At all times relevant hereto, the Defendants' Decedent, Jeffrey R. Wooster, was operating the aforesaid 2011 International Harvester tractor-trailer with the express or implied consent of the Defendant, R.L. Johnson, Inc. and/or the Defendant, Superior Truck Lines Inc.

15.    On the aforesaid date and time, the Defendant, R.L. Johnson, Inc. and/or the Defendant, Superior Truck Lines Inc., were the employers of the Defendants' Decedent, Jeffrey R. Wooster, pursuant to the provisions of the Pennsylvania Intrastate Motor Carrier Safety Requirements (hereinafter "IMCSR") and/or Federal Motor Carrier Safety Regulations (hereinafter "FMCSR").  At all times relevant hereto, the Defendant, R.L. Johnson, Inc. and/or the Defendant, Superior Truck Lines, Inc., knew or should have known of the safety and roadway regulations and/or requirements in the Pennsylvania IMCSR and/or FMCSR.

16.    At all times relevant hereto, the Defendant, R.L. Johnson, Inc., acted through its employees, workmen, servants, managing agents, and/or agents including, but not limited to, Defendants' Decedent, Jeffrey R. Wooster, and the Defendant, Superior Truck Lines Inc.

17.    At all times relevant hereto, the Defendant, Superior Truck Lines Inc., acted through its employees, workmen, servants, managing agents, and/or agents

2283806.1

5

including, but not limited to, Defendants' Decedent, Jeffrey R. Wooster, and the Defendant, R.L. Johnson, Inc.

18.     At all times relevant hereto, the area of Interstate 81 North in Pine Grove Township, Schuylkill County, Pennsylvania, in which the Plaintiff, Marilyn A. Giambra, the Plaintiff's Decedent, Patrick Samuel Giambra, and the Defendants' Decedent, Jeffrey R. Wooster, were traveling, was an active, long-term construction zone, that consisted of only one lane of travel for traffic traveling Northbound and one lane of travel for traffic traveling Southbound, with each lane separated by a concrete barrier, and a posted reduced speed limit of 55 miles per hour.

19.     At all times relevant hereto, there was signage and/or warnings posted well in advance of the aforesaid long-term construction zone for traffic traveling Northbound on Interstate 81, providing notice that the roadway was down to one lane and the speed limit was reduced to 55 miles per hour.

20.     On the aforesaid date, at approximately 5:55 p.m., the Plaintiff, Marilyn A. Giambra, and the Plaintiff's Decedent, Patrick Samuel Giambra, were at a stand-still in a line of traffic at or near mile marker 103, near the Ravine exit, Pine Grove Township, Schuylkill County, Pennsylvania, in the single lane for Northbound traffic traveling on Interstate 81.

2283806.1

21.     On the aforesaid date and time, the Defendants' Decedent, Jeffrey R.

Wooster, was operating the aforesaid 2011 International Harvester tractor-trailer

owned by the Defendant, R.L. Johnson, Inc. and/or the Defendant, Superior Truck

Lines, Inc., in the course and scope of his employment by the Defendant, R.L.

Johnson, Inc. and/or the Defendant Superior Truck Line Inc., directly behind the

Plaintiff's aforesaid 2009 Hyundai Elantra vehicle on Interstate 81 North.

22.     On the aforesaid date and time, the Defendants' Decedent, Jeffrey R.

Wooster, approached a curve in the roadway on Interstate 81 North, observed that

traffic ahead of him was stopped, including the Plaintiff's aforesaid 2009 Hyundai

Elantra vehicle, but was driving too fast for conditions, and was unable to bring

the aforesaid 2011 International Harvester tractor-trailer to a complete stop.

23.     On the aforesaid date and time, the Plaintiff, Marilyn A. Giambra, and

the Plaintiff's Decedent, Patrick Samuel Giambra, watched helplessly through their

rear and side-view mirrors as the Defendants' Decedent, Jeffrey R. Wooster,

traveling in the aforesaid 2011 International Harvester tractor-trailer, came closer

and closer to their 2009 Hyundai Elantra vehicle until the Defendants' Decedent,

Jeffrey R. Wooster, negligently, carelessly, and/or recklessly violently impacted

the rear of the Plaintiff's aforesaid 2009 Hyundai Elantra vehicle.

2283806.1

24.     The aforesaid impact was so violent it pushed the Plaintiff's aforesaid 2009 Hyundai Elantra vehicle into the rear of the vehicle directly in front of it.

25.     The Plaintiff, Marilyn A. Giambra, and the Plaintiff's Decedent, Patrick Samuel Giambra, both witnessed and/or observed the aforesaid violent impact and the injuries one another sustained as a result of the same, which caused each of them to experience significant mental, emotional, and physical distress.

26.     On the aforesaid date and time, due to the fact that traffic was at a complete stop and Interstate 81 North was down to one lane, there was nothing the Plaintiff, Marilyn A. Giambra, could do to avoid the aforesaid 2009 Hyundai Elantra vehicle from being impacted by the aforesaid 2011 International Harvester tractor-trailer operated by Defendants' Decedent, Jeffrey R. Wooster.

27.     The Pennsylvania State Police's investigation of this incident determined that the first and most harmful event in the aforesaid crash was the Defendants' Decedent, Jeffrey R. Wooster, violently striking the Plaintiff's 2009 Hyundai Elantra vehicle with the aforesaid 2011 International Harvester tractor-trailer, and the prime factor and/or cause of the subject crash was driver action, as the Defendants' Decedent, Jeffrey R. Wooster, was driving too fast for conditions, engaged in other improper driving actions, and was tailgating.

2283806.1

28.     At all times relevant hereto, the Plaintiff, Marilyn A. Giambra, and the Plaintiff's Decedent, Patrick Samuel Giambra, acted in a safe, careful, reasonable, and/or prudent manner and in no way caused or contributed to the injuries and damages hereinafter alleged.

## COUNT I - NEGLIGENCE

### MARILYN A. GIAMBRA, INDIVIDUALLY, AND AS THE ADMINISTRATRIX OF THE ESTATE OF PATRICK SAMUEL GIAMBRA V. ALL DEFENDANTS

29.     The Plaintiff hereby incorporates Paragraphs 1 through 28, inclusive, of the Complaint as though the same were set forth herein at length.

30.     On the aforesaid date and at the aforesaid time and place, the Defendants' Decedent, Jeffery R. Wooster, operated the 2011 International Harvester tractor-trailer in such a careless, negligent, and/or reckless manner such that his conduct was a factual cause of the subject collision and painful injuries and damages to the Plaintiffs, Marilyn A. Giambra, and Plaintiffs' Decedent, Patrick Samuel Giambra.

31.     The carelessness, negligence, and/or recklessness of Defendants' Decedent, Jeffrey R. Wooster, individually and as the agent, managing agent, servant, worker and/or employee of the Defendant, R.L. Johnson, Inc. and/or the Defendant, Superior Truck Lines Inc., consisted of the following:

2283806.1

9

(a)     In then and there, failing to maintain proper and adequate control of his 2011 International Harvester tractor-trailer so as to avoid impacting the vehicle being operated by the Plaintiff, Marilyn A. Giambra;

(b)     In then and there, failing to pay proper attention while operating his 2011 International Harvester tractor-trailer;

(c)     In then and there, failing to properly observe the vehicle being operated by the Plaintiff, Marilyn A. Giambra;

(d)     In then and there, failing to operate the 2011 International Harvester tractor-trailer at a careful and prudent speed under the circumstances;

(e)     In then and there, failing to appropriately apply his brakes in order to avoid striking the rear of the vehicle being operated by the Plaintiff, Marilyn A. Giambra;

(f)     In then and there, operating the aforesaid 2011 International Harvester tractor-trailer at a speed substantially in excess of the safe speed at which such vehicle should be operated;

(g)     In then and there, operating the aforesaid 2011 International Harvester tractor-trailer at a speed substantially in excess of the posted 55 mile per hour speed limit in the long-term construction zone;

(h)     In then and there, allowing his attention to be distracted from the roadway on Interstate 81 North

2283806.1

in Pine Grove Township, Schuylkill County, Pennsylvania;

(i)   In then and there, failing to take proper precautions in the operation of the aforesaid 2011 International Harvester tractor-trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff, Marilyn A. Giambra;

(j)   In then and there, failing to have the 2011 International Harvester tractor-trailer under such control that it could be readily stopped, turned aside, or the speed thereof slackened upon the appearance of danger;

(k)   In then and there, failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the Plaintiff and the Plaintiff's Decedent;

(l)   In then and there, operating his 2011 International Harvester tractor-trailer in a negligent, careless, and/or reckless manner without due regard for the rights and safety of the Plaintiff and the Plaintiff's Decedent;

(m)   In then and there, failing to exercise due care and caution under all the circumstances;

(n)   In then and there, failing to remain alert and maintain a proper lookout;

(o)   In then and there, failing to maintain control of his 2011 International Harvester tractor-trailer so as to avoid striking the vehicle being operated by the Plaintiff, Marilyn A. Giambra;

2283806.1

11

(p) In then and there, failing to make necessary and reasonable observations while operating his 2011 International Harvester tractor-trailer;

(q) In then and there, failing to yield to the right-of-way of the vehicle being operated by the Plaintiff, Marilyn A. Giambra;

(r) In then and there, traveling at an excess rate of speed in a long-term construction zone;

(s) In then and there, traveling at an excessive rate of speed despite the fact that he knew or should have known that the speed limit was reduced in the aforesaid long-term construction zone;

(t) In then and there, failing to inspect and/or adequately inspect his 2011 International Harvester tractor-trailer;

(u) In then and there, acting in conscious disregard of the rights and safety of the Plaintiff and the Plaintiff's Decedent;

(v) In then and there, violating the both written and unwritten policies, procedures, rules and/or guidelines of the Defendant, R.L. Johnson, Inc. and/or the Defendant, Superior Truck Lines Inc.;

(w) In then and there, failing to apprise himself of and/or violating the laws of the Commonwealth of Pennsylvania regarding the operation of motor vehicles and/or tractor-trailers;

(x)   In then and there, violating the laws, rules, and regulations contained in the Pennsylvania IMCSR and/or FMCSR;

(y)   In then and there, failing to make reasonable and appropriate observations of the roadway in the vicinity of the collision when he knew or should have known of the traffic conditions then and there existing;

(z)   In then and there, failing to bring the aforesaid 2011 International Harvester tractor-trailer to a complete stop despite knowing or having reason to know there was a line of stopped traffic directly ahead of him on Interstate 81 North in Pine Grove Township, Schuylkill County, Pennsylvania;

(aa)  In then and there, failing to maintain and/or adequately maintain the 2011 International Harvester tractor-trailer;

(bb)  In then and there, failing to utilize appropriate safety equipment;

(cc)  In then and there, failing to adjust the operation of his 2011 International Harvester tractor-trailer in light of the conditions then and there existing;

(dd)  In then and there, consciously disregarding and/or ignoring roadway warning and construction zone signs;

(ee)  In then and there, violently striking the rear of the vehicle being operated by the Plaintiff, Marilyn A. Giambra;

(ff)   In then and there, failing to act reasonably and appropriately in response to vehicle, traffic, and roadway conditions;

(gg)   In then and there, failing to properly and timely apply his breaks in such an manner so that his 2011 International Harvester tractor-trailer could be stopped before violently impacting the rear of the vehicle being operated by the Plaintiff, Marilyn A. Giambra;

(hh)   In then and there, failing to exercise due care and caution under all the existing circumstances;

(ii)   In then and there, losing control of his 2011 International Harvester tractor-trailer;

(jj)   In then and there, continuing to operate the 2011 International Harvester tractor-trailer when it should have been apparent to him that he was unable to do so in a safe and reasonable manner;

(kk)   In then and there, continuing to operate the 2011 International Harvester tractor-trailer when he knew or should have known that further operation would impose an unreasonable risk of injury and/or harm to those traveling upon the roadways, including Plaintiff, Marilyn A. Giambra and Plaintiff's Decedent, Patrick Samuel Giambra;

(ll)   In then and there, violating the laws of the Commonwealth of Pennsylvania regulating the operation of motor vehicles and/or commercial vehicles as more particularly set forth in Subparagraphs (a) through (kk), inclusive.

2283806.1

32.     The carelessness, negligence, and/or recklessness of the Defendant,

R.L. Johnson, Inc., by and through its agents, managing agents, employees,

workers and/or servants, including, but not limited to the Defendants' Decedent,

Jeffrey R. Wooster, and the Defendant, Superior Truck Lines Inc., consisted of and

includes the following:

(a)     In then and there, failing to properly train, monitor, and supervise its employees/drivers including, but not limited to, the Defendants' Decedent, Jeffrey R. Wooster;

(b)     In then and there, being careless, negligent, and/or reckless through the acts and omissions of its agents, including Jeffrey R. Wooster, which acts and omissions are set froth in detail in the proceeding and subsequent paragraphs of this Complaint and are incorporated herein as fully as if those were set forth herein at length;

(c)     In then and there, hiring the Defendants' Decedent, Jeffrey R. Wooster, despite the fact that it knew or should have known that he was not capable of operating a tractor-trailer in a safe and prudent manner;

(d)     In then and there, permitting the Defendants' Decedent, Jeffrey R. Wooster, to operate tractor-trailers in its possession when it knew or should have know that he was not capable of doing so in a safe and prudent manner;

(e)     In then and there, retaining the Defendants' Decedent, Jeffrey R. Wooster, when it knew or

should have known that he had been involved in two other collisions in the two years and six months he had been working for the Defendant, R.L. Johnson, Inc. and/or the Defendant, Superior Truck Lines Inc.;

(f)    In then and there, hiring and/or retaining the Defendants' Decedent, Jeffrey R. Wooster, without appropriately evaluating and/or investigating his driver history;

(g)    In then and there, failing to train and/or properly train the Defendants' Decedent, Jeffrey R. Wooster, prior to allowing him to operate its tractor-trailers;

(h)    In then and there, permitting the Defendants' Decedent, Jeffrey R. Wooster, to operate tractor-trailers in its possession when it knew or should have known that such operation posed risk and danger to others lawfully on the roadway;

(i)    In then and there, failing to adopt appropriate employee manuals and/or training procedures;

(j)    In then and there, failing to enforce its employee manuals and/or training procedures;

(k)    In then and there, failing to enforce both the written and unwritten policies of R.L. Johnson, Inc. and/or Superior Truck Lines Inc.;

(l)    In then and there, failing to ensure that its employees were aware of and complied with the written and unwritten policies of R.L. Johnson, Inc. and/or Superior Truck Lines Inc.;

(m)   In then and there, allowing the Defendants' Decedent, Jeffrey R. Wooster, to operate commercial motor vehicles in its possession on a regular basis prior to qualifying him in accordance with the Pennsylvania IMCSR and/or FMCSR;

(n)   In then and there, failing to adopt and/or enforce appropriate safety policies and procedures for drivers;

(o)   In then and there, failing to adopt and/or enforce an effective safety system and/or maintenance program;

(p)   In then and there, failing to implement and/or enforce an effective safety system;

(q)   In then and there, failing to ensure that its management personnel and employees/drivers were aware of the requirements of the Pennsylvania IMCSR, FMCSR, and/or the Pennsylvania Motor Vehicle Code;

(r)   In then and there, consciously violating the Pennsylvania IMCSR, FMCSR; and/or the Pennsylvania Motor Vehicle Code;

(s)   In then and there, failing to ensure that its employees and/or agents complied with the Pennsylvania Motor Vehicle Code, Pennsylvania IMCSR and/or FMCSR;

(t)   In then and there, failing to ensure that its employees and agents were aware of and complied with the rules, laws, and regulations pertaining to and covering the operation of commercial motor vehicles;

2283806.1

17

(u)    In then and there, failing to ensure that its deliveries could be made in a safe manner;

(v)    In then and there, failing to inspect and/or properly maintain the 2011 International Harvester tractor-trailer operated by the Defendants' Decedent, Jeffrey R. Wooster;

(w)    In then and there, failing to inspect and/or properly maintain the braking system of the 2011 International Harvester tractor-trailer operated by the Defendants' Decedent, Jeffrey R. Wooster;

(x)    In then and there, permitting the Defendants' Decedent, Jeffrey R. Wooster, to operate the 2011 International Harvester tractor-trailer on the public roadway despite knowing or having reason to know its braking system had not been inspected and/or properly maintained;

(y)    In then and there, violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial motor vehicles;

(z)    In then and there, failing to monitor and/or regulate its drivers' hours;

(aa)    In then and there, placing more emphasis on financial status than the safety of its drivers and the motoring public;

(bb)    In then and there, failing to appropriately maintain the 2011 International Harvester tractor-trailer;

2283806.1

(cc)    In then and there, failing to ensure that its drivers chose safe and appropriate routes of travel when operating vehicles in its fleet;

(dd)    In then and there, failing to ensure that its drivers heeded road warning signs, including those signs warning of an upcoming long-term construction zone with a reduced speed limit;

(ee)    In then and there, failing to ensure that its drivers heeded to roadway restrictions in long-term construction zones;

(ff)    In then and there, failing to ensure that its drivers heeded to speed limit reductions in long-term construction zones;

(gg)    In then and there, violating the laws of the Commonwealth of Pennsylvania regulating the operation of motor vehicles and/or commercial vehicles as more particularly set forth in subparagraphs (a) through (ff), inclusive.

33.    The carelessness, negligence, and/or recklessness of the Defendant, Superior Truck Lines Inc. by and through its agents, managing agents, employees, workers and/or servants, including, but not limited to the Defendants' Decedent, Jeffrey R. Wooster, and R.L. Johnson, Inc., consisted of and includes the following:

(a)    In then and there, failing to properly train, monitor, and supervise its employees/drivers including, but not limited to, the Defendants' Decedent, Jeffrey R. Wooster;

2283806.1

19

(b)     In then and there, being careless, negligent, and/or reckless through the acts and omissions of its agents, including Jeffrey R. Wooster, which acts and omissions are set froth in detail in the proceeding and subsequent paragraphs of this Complaint and are incorporated herein as fully as if those were set forth herein at length;

(c)     In then and there, hiring the Defendants' Decedent, Jeffrey R. Wooster, despite the fact that it knew or should have known that he was not capable of operating a tractor-trailer in a safe and prudent manner;

(d)     In then and there, permitting the Defendants' Decedent, Jeffrey R. Wooster, to operate tractor-trailers in its possession when it knew or should have know that he was not capable of doing so in a safe and prudent manner;

(e)     In then and there, retaining the Defendants' Decedent, Jeffrey R. Wooster, when it knew or should have known that he had been involved in two other collisions in the two years and six months he had been working for the Defendant, Superior Truck Lines, Inc. and/or the Defendant, R.L. Johnson, Inc.

(f)     In then and there, hiring and/or retaining the Defendants' Decedent, Jeffrey R. Wooster, without appropriately evaluating and/or investigating his driver history;

(g)     In then and there, in failing to train and/or properly train the Defendants' Decedent, Jeffrey R.

2283806.1

20

Wooster, prior to allowing him to operate its tractor-trailers;

(h)     In then and there, permitting the Defendants' Decedent, Jeffrey R. Wooster, to operate tractor-trailers in its possession when it knew or should have known that such operation posed risk and danger to others lawfully on the roadway;

(i)     In then and there, failing to adopt appropriate employee manuals and/or training procedures;

(j)     In then and there, failing to enforce its employee manuals and/or training procedures;

(k)     In then and there, failing to enforce both the written and unwritten policies of Superior Truck Lines Inc. and/or R.L. Johnson, Inc.;

(l)     In then and there, failing to ensure that its employees were aware of and complied with the written and unwritten policies of Superior Truck Lines Inc. and/or R.L. Johnson, Inc.;

(m)     In then and there, allowing the Defendants' Decedent, Jeffrey R. Wooster, to operate commercial motor vehicles in its possession on a regular basis prior to qualifying him in accordance with the Pennsylvania IMCSR and/or FMCSR;

(n)     In then and there, failing to adopt and/or enforce appropriate safety policies and procedures for drivers;

(o)     In then and there, failing to adopt and/or enforce an effective safety system and/or maintenance program;

2283806 1

(p)   In then and there, failing to implement and/or enforce an effective safety system;

(q)   In then and there, failing to ensure that its management personnel and employees/drivers were aware of the requirements of the Pennsylvania IMCSR, FMCSR, and/or the Pennsylvania Motor Vehicle Code;

(r)   In then and there, consciously violating the Pennsylvania IMCSR, FMCSR, and/or the Pennsylvania Motor Vehicle Code;

(s)   In then and there, failing to ensure that its employees and/or agents complied with the Pennsylvania Motor Vehicle Code, Pennsylvania IMCSR and/or FMCSR;

(t)   In then and there, failing to ensure that its employees and agents were aware of and complied with the rules, laws, and regulations pertaining to and covering the operation of commercial motor vehicles;

(u)   In then and there, failing to ensure that its deliveries could be made in a safe manner;

(v)   In then and there, failing to inspect and/or properly maintain the 2011 International Harvester tractor-trailer operated by the Defendants' Decedent, Jeffrey R. Wooster;

(w)   In then and there, failing to inspect and/or properly maintain the braking system of the 2011 International Harvester tractor-trailer operated by the Defendants' Decedent, Jeffrey R. Wooster;

(x)  In then and there, permitting the Defendants' Decedent, Jeffrey R. Wooster, to operate the 2011 International Harvester tractor-trailer on the public roadway despite knowing or having reason to know its braking system had not been inspected and/or properly maintained;

(y)  In then and there, violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial motor vehicles;

(z)  In then and there, failing to monitor and/or regulate its drivers' hours;

(aa)  In then and there, placing more emphasis on financial status than the safety of its drivers and the motoring public;

(bb)  In then and there, failing to appropriately maintain the 2011 International Harvester tractor-trailer;

(cc)  In then and there, failing to ensure that its drivers chose safe and appropriate routes of travel when operating vehicles in its fleet;

(dd)  In then and there, failing to ensure that its drivers heeded road warning signs, including those signs warning of an upcoming long-term construction zone with a reduced speed limit;

(ee)  In then and there, failing to ensure that its drivers heeded to roadway restrictions in long-term construction zones;

2283806.1

23

    (ff)    In then and there, failing to ensure that its drivers heeded to speed limit reductions in long-term construction zones;

    (gg)    In then and there, violating the laws of the Commonwealth of Pennsylvania regulating the operation of motor vehicles and/or commercial vehicles as more particularly set forth in subparagraphs (a) through (ff), inclusive.

34.    The aforesaid careless, negligent, and/or reckless conduct of the Defendants was a factual cause of the subject collision and painful injuries and damages to the Plaintiffs, Marilyn A. Giambra, and Plaintiff's Decedent, Patrick Samuel Giambra.

35.    As a result of the carelessness, negligence, and/or recklessness of the Defendants, the Plaintiff, Marilyn A. Giambra, has sustained severe and painful injuries including, but not limited to the following:

    (a)    Neck pain;
    (b)    Shoulder pain;
    (c)    Right-sided neck pain;
    (d)    Lower posterior neck pain;
    (e)    Sprain of the ligaments of the lumbar spine;
    (f)    Necessity for oral steroids;
    (g)    Necessity for prescription pain medications;
    (h)    Subluxation of C2 and C3;
    (i)    Aggravation of degenerative changes at L2-L3;
    (j)    Aggravation of retrospondylothesis of L3-L4;
    (k)    Straightening of the cervical lordosis;
    (l)    Disc bulge of annulus at C4-5;
    (m)    Disc bulge at C6-7;

(n)   Trapezius muscle spasm;
(o)   Neck muscle spasm;
(p)   Burning neck pain;
(q)   Aggravation of cervico-discogenic disease;
(r)   Aggravation of spondylosis at C5-6, C7;
(s)   Cervical myofascial spasm and trigger points;
(t)   Cervical strain/spasms;
(u)   Necessity for chiropractic care;
(v)   Necessity for massage therapy;
(w)   Radiculopathy;
(x)   Necessity for trigger point injections;
(y)   Cervicalgia;
(z)   Pain, limitation of motion, and restriction of activities;
(aa)  Inability to perform activities of daily living;
(bb)  Emotional distress and anxiety;
(cc)  Nightmares, flashbacks, and sleep disturbance; and
(dd)  Fatigue.

36.   As a result of the aforesaid injuries, the Plaintiff, Marilyn A. Giambra, has been rendered sick, sore, and disabled and sustained severe physical, emotional, and mental pain, discomfort, and distress, all of which have or will require medical care and treatment.

37.   As a result of the aforesaid injuries, the Plaintiff, Marilyn A. Giambra, is suffering physical and mental discomfort, inconvenience, and anxiety and may continue to so suffer into the future.

38.   As a further result of the aforesaid injuries, the Plaintiff, Marilyn A. Giambra, has been obligated to receive and undergo medical attention and care

2283806.1

25

and to expend various sums of money and incur various expenses for treatment of the aforesaid injuries, and may be obligated to continue to expend such sums and incur such expenses for an indefinite period into the future.

39.    As a further result of the negligence, carelessness, and/or recklessness of the Defendants, the Plaintiff, Marilyn A. Giambra, has been unable to perform her work activities, and thus, sustained a loss of earnings and/or a decrease or diminishment in earnings and/or earning capacity.

40.    As a further result of the aforesaid injuries, the Plaintiff, Marilyn A. Giambra, has sustained a loss of everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period into the future.

41.    As a result of the carelessness, negligence, and/or recklessness of the Defendants, the Plaintiff's Decedent, Patrick Samuel Giambra, sustained severe and painful injuries including, but not limited to, the following:

      (a)    Neck pain;
      (b)    Right rhomboid pain;
      (c)    Neck contusion;
      (d)    Neck sprain/strain;
      (e)    Necessity for prescription pain medications;
      (f)    Necessity for prescription anti-inflammatories;
      (g)    Upper back pain;
      (h)    Bilateral cervical paraspinal spasms;
      (i)    Trapezius trigger points;
      (j)    Trigger point in the left cervical paraspinal;
      (k)    Cervical strain;

2283806.1

(l)  Myofascial spasms;
(m)  Necessity for physical therapy;
(n)  Necessity for massage therapy;
(o)  Necessity for chiropractic care;
(p)  Left upper trapezius trigger point;
(q)  Radiculopathy;
(r)  Left arm weakness;
(s)  C4-5 disc herniation;
(t)  C6-7 disc bulge;
(u)  Aggravation of degenerative disc disease at C5-6;
(v)  Necessity for trigger point injections;
(w)  Cervical range of motion limitation;
(x)  Pain, limitation of motion, and restriction of activities;
(y)  Inability to perform activities of daily living;
(z)  Emotional distress and anxiety;
(aa)  Nightmares, flashbacks, and sleep disturbance; and
(bb)  Fatigue.

42.  As a result of the aforesaid injuries, from September 18, 2015 until the time of his death, the Plaintiff's Decedent, Patrick Samuel Giambra, was rendered sick, sore, and disabled and sustained severe physical, emotional, and mental pain, discomfort, and distress, all of which required medical care and treatment.

43.  As a result of the aforesaid injuries, from September 18, 2015 until the time of his death, the Plaintiff's Decedent, Patrick Samuel Giambra, suffered physical and mental discomfort, inconvenience, and anxiety.

2283806 1

44.     As a further result of the aforesaid injuries, from September 18, 2015 until the time of his death, the Plaintiff's Decedent, Patrick Samuel Giambra, was obligated to receive and undergo medical attention and care and to expend various sums of money and incur various expenses for treatment of the aforesaid injuries.

45.     As a further result of the aforesaid injuries, from September 18, 2015 until the time of his death, the Plaintiff's Decedent, Patrick Samuel Giambra, sustained a loss of everyday pleasures and enjoyments of life.

WHEREFORE, the Plaintiff, Marilyn A. Giambra, Individually, and as the Administratrix of the Estate of Patrick Samuel Giambra, hereby claims compensatory and punitive damages from the Defendants, Christina Devore and Samara Wooster as the Co-Administrators of the Estate of Jeffrey R. Wooster, R.L. Johnson, Inc. and Superior Truck Lines Inc. in an amount in excess of that conferring Federal Court jurisdiction.

## COUNT II - NEGLIGENCE PER SE

### MARILYN A. GIAMBRA, INDIVIDUALLY, AND AS THE ADMINISTRATRIX OF THE ESTATE OF PATRICK SAMUEL GIAMBRA v. CHRISTINA DEVORE AND SAMARA WOOSTER AS THE CO-ADMINISTRATORS OF THE ESTATE OF JEFFREY R. WOOSTER

46.     The Plaintiff hereby incorporates Paragraphs 1 through 45, inclusive, of the Complaint as though the same were set forth herein at length.

2283806.1

28

47.    The Plaintiff, Marilyn A. Giambra, Individually, and as the Administratrix of the Estate of Patrick Samuel Giambra, is informed, believes and, therefore avers that the Defendants' Decedent, Jeffrey R. Wooster, violated 75 Pa.C.S. § 3361 of the Pennsylvania Motor Vehicle Code, thereby rendering his conduct negligent per se.

48.    As a result of the aforesaid violation, and the negligence, carelessness, and/or recklessness of the Defendants' Decedent, Jeffrey R. Wooster, the Plaintiff, Marilyn A. Giambra, and the Plaintiff's Decedent, Patrick Samuel Giambra, sustained the injuries, losses, and damages set forth more fully above and below, which are incorporated as fully as though the same were herein set forth at length.

49.    The Defendants' Decedent, Jeffrey R. Wooster, caused the type of harm that 75 Pa.C.S. § 3361 was intended to avoid and caused such harm to persons within the class of persons the aforesaid Statute was intended to protect.

WHEREFORE, the Plaintiff, Marilyn A. Giambra, Individually, and as the Administratrix of the Estate of Patrick Samuel Giambra, hereby claims compensatory and punitive damages from the Defendants, Christina Devore and Samara Wooster as the Co-Administrators of the Estate of Jeffrey R. Wooster,

2283806.1

R.L. Johnson, Inc. and Superior Truck Lines Inc. in an amount in excess of that conferring Federal Court jurisdiction.

## COUNT III - NEGLIGENT ENTRUSTMENT

### MARILYN A. GIAMBRA, INDIVIDUALLY, AND AS THE ADMINISTRATRIX OF THE ESTATE OF PATRICK SAMUEL GIAMBRA V. R.L. JOHNSON, INC AND SUPERIOR TRUCK LINES INC.

50.    The Plaintiff hereby incorporates Paragraphs 1 through 49, inclusive, of the Complaint as though the same were set forth herein at length.

51.    The Plaintiff, Marilyn A. Giambra, Individually, and as the Administratrix of the Estate of Patrick Samuel Giambra, is informed, believes and, therefore, avers that the Defendant, R.L. Johnson, Inc. and the Defendant, Superior Truck Lines Inc., were careless, negligent, and/or reckless in entrusting the aforesaid 2011 International Harvester tractor-trailer to the Defendants' Decedent, Jeffrey R. Wooster, when they knew or should have known that the Defendants' Decedent, Jeffrey R. Wooster, lacked the necessary skill, judgment, and prudence with which to operate the aforesaid tractor-trailer.

52.    As a result of the aforesaid carelessness, negligence, and/or recklessness of the Defendant, R.L. Johnson, Inc. and the Defendant, Superior Truck Lines Inc., the Plaintiff, Marilyn A. Giambra, and the Plaintiff's Decedent,

2283806.1

30

Patrick Samuel Giambra, have sustained the losses and damages set forth more fully in the preceding and following paragraphs, which paragraphs are incorporated as fully as though the same were set forth herein at length.

WHEREFORE, the Plaintiff, Marilyn A. Giambra, Individually, and as the Administratrix of the Estate of Patrick Samuel Giambra, hereby claims compensatory and punitive damages from the Defendants, Christina Devore and Samara Wooster as the Co-Administrators of the Estate of Jeffrey R. Wooster, R.L. Johnson, Inc. and Superior Truck Lines Inc., in an amount in excess of that conferring Federal Court jurisdiction.

## COUNT IV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## MARILYN A. GIAMBRA, INDIVIDUALLY V. ALL DEFENDANTS

53.     The Plaintiff hereby incorporates Paragraphs 1 through 52, inclusive, of the Complaint as though the same were set forth herein at length.

54.     At the time of the aforesaid collision, the Plaintiff, Marilyn A. Giambra, and her now deceased husband, Patrick Samuel Giambra, were both occupants of the aforesaid 2009 Hyundai Elantra vehicle, and as such, the Plaintiff, Marilyn A. Giambra, was in the zone of danger.

2283806.1

55.    The Plaintiff, Marilyn A. Giambra, witnessed the harm sustained by her now deceased husband, Patrick Samuel Giambra, as fully set forth in this Complaint, as well as the aforesaid negligence, carelessness, and/or recklessness of the Defendants.

56.    As a result of being in the zone of danger and witnessing the harm to her now deceased husband, Patrick Samuel Giambra, and observing the aforementioned acts of negligence, carelessness, and/or recklessness, the Plaintiff, Marilyn A. Giambra, has been caused to suffer severe fear, anxiety, and emotional distress that has manifested itself psychologically, emotionally, and physically and may continue for an indefinite period of time in the future.

57.    The Plaintiff, Marilyn A. Giambra, has sustained the aforementioned fear, anxiety, and emotional distress as a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants.

58.    As a result of the aforementioned fear, anxiety, and emotional distress, the Plaintiff, Marilyn A. Giambra, has sustained, is sustaining, and will continue to sustain a loss of the everyday pleasures and enjoyments of life.

59.    Based upon her relationship with her now deceased husband, Patrick Samuel Giambra, being in the zone of danger, and her observation of the aforesaid acts of negligence, carelessness, and/or recklessness, the Defendants could

2283806.1

reasonably foresee that the Plaintiff, Marilyn A. Giambra, would suffer great and severe fear, mental anxiety, and emotional distress upon observing the harm to her now deceased husband due to the negligence, carelessness, and/or recklessness of the Defendants, as fully set forth in this Complaint.

WHEREFORE, the Plaintiff, Marilyn A. Giambra, Individually, hereby claims compensatory and punitive damages from the Defendants, Christina Devore and Samara Wooster as the Co-Administrators of the Estate of Jeffrey R. Wooster, R.L. Johnson, Inc. and Superior Truck Lines Inc., in an amount in excess of that conferring Federal Court jurisdiction.

## COUNT V - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## MARILYN A. GIAMBRA, AS THE ADMINISTRATRIX OF THE ESTATE OF PATRICK SAMUEL GIAMBRA V. ALL DEFENDANTS

60.    The Plaintiff hereby incorporates Paragraphs 1 through 59, inclusive, of the Complaint as though the same were set forth herein at length.

61.    At the time of the aforesaid collision, the Plaintiff's Decedent, Patrick Samuel Giambra, and his wife, Marilyn A. Giambra, were both occupants of the aforesaid 2009 Hyundai Elantra vehicle, and as such, the Plaintiff's Decedent, Patrick Samuel Giambra, was in the zone of danger.

2283806.1

33

62.     The Plaintiff's Decedent, Patrick Samuel Giambra, witnessed the harm sustained by his wife, Marilyn A. Giambra, as fully set forth in this Complaint, as well as the aforesaid negligence, carelessness, and/or recklessness of the Defendants.

63.     As a result of being in the zone of danger and witnessing the harm to his wife, Marilyn A. Giambra, and observing the aforementioned acts of negligence, carelessness, and/or recklessness, the Plaintiff's Decedent, Patrick Samuel Giambra, was caused to suffer severe fear, anxiety, and emotional distress that manifested itself psychologically, emotionally, and physically from September 18, 2015 until the time of his death.

64.     The Plaintiff's Decedent, Patrick Samuel Giambra, sustained the aforementioned fear, anxiety, and emotional distress as a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants.

65.     As a result of the aforementioned fear, anxiety, and emotional distress, the Plaintiff's Decedent, Patrick Samuel Giambra, sustained a loss of the everyday pleasures and enjoyments of life from September 18, 2015 until the time of his death.

66.     Based upon his relationship with his wife, Marilyn A. Giambra, being in the zone of danger, and his observation of the aforesaid acts of negligence,

2283806.1

carelessness, and/or recklessness, the Defendants could reasonably foresee that the Plaintiff's Decedent, Patrick Samuel Giambra, would suffer great and severe fear, mental anxiety, and emotional distress upon observing the harm to his wife due to the negligence, carelessness, and/or recklessness of the Defendants, as fully set forth in this Complaint.

WHEREFORE, the Plaintiff, Marilyn A. Giambra, as the Administratrix of the Estate of Patrick Samuel Giambra, hereby claims compensatory and punitive damages from the Defendants, Christina Devore and Samara Wooster as the Co-Administrators of the Estate of Jeffrey R. Wooster, R.L. Johnson, Inc. and Superior Truck Lines Inc. in an amount in excess of that conferring Federal Court jurisdiction.

## COUNT VI - LOSS OF CONSORTIUM

## MARILYN A. GIAMBRA, INDIVIDUALLY V. ALL DEFENDANTS

67.    The Plaintiff hereby incorporates Paragraphs 1 through 66, inclusive, of the Complaint as though the same were set forth herein at length.

68.    Solely as a result of the aforesaid negligence, carelessness, and/or recklessness of the Defendants, the Plaintiff, Marilyn A. Giambra, was deprived of the society, companionship, aid, assistance, services, and consortium of her now

2283806.1

deceased husband, Patrick Samuel Giambra, from September 18, 2015 until the time of his death.

WHEREFORE, the Plaintiff, Marilyn A. Giambra, Individually, hereby claims compensatory and punitive damages from the Defendants, Christina Devore and Samara Wooster as the Co-Administrators of the Estate of Jeffrey R. Wooster, R.L. Johnson, Inc. and Superior Truck Lines Inc., in an amount in excess of that conferring Federal Court jurisdiction.

## COUNT VII - LOSS OF CONSORTIUM

### MARILYN A. GIAMBRA, AS THE ADMINISTRATRIX OF THE ESTATE OF PATRICK SAMUEL GIAMBRA V. ALL DEFENDANTS

69.     The Plaintiff hereby incorporates Paragraphs 1 through 68, inclusive, of the Complaint as though the same were set forth herein at length.

70.     Solely as a result of the aforesaid negligence, carelessness, and/or recklessness of the Defendants, the Plaintiff's Decedent, Patrick Samuel Giambra, was deprived of the society, companionship, aid, assistance, services, and consortium of his wife, Marilyn A. Giambra, from September 18, 2015 until the time of his death.

WHEREFORE, the Plaintiff, Marilyn A. Giambra, as the Administratrix of the Estate of Patrick Samuel Giambra, hereby claims compensatory and punitive

2283806.1

damages from the Defendants, Christina Devore and Samara Wooster as the Co-Administrators of the Estate of Jeffrey R. Wooster, R.L. Johnson, Inc. and Superior Truck Lines Inc., in an amount in excess of that conferring Federal Court jurisdiction.

## COUNT VIII - PUNITIVE DAMAGES

### MARILYN A. GIAMBRA, INDIVIDUALLY, AND AS THE ADMINISTRATRIX OF THE ESTATE OF PATRICK SAMUEL GIAMBRA V. ALL DEFENDANTS

71.     The Plaintiff hereby incorporates Paragraphs 1 through 70, inclusive, of the Complaint as though the same were set forth herein at length.

72.     The action and/or inaction of the Defendants as set forth at length in this Complaint and incorporated herein fully as though the same were set forth herein at length, amount to and consist of the following:

(a)     A reckless indifference and/or reckless disregard to the rights of the Plaintiff, Marilyn A. Giambra, and the Plaintiff's Decedent, Patrick Samuel Giambra;

(b)     A conscious indifference to the consequences of their actions; and

(c)     A reckless disregard to the health, safety, and welfare of the Plaintiff, Marilyn A. Giambra, and the Plaintiff's Decedent, Patrick Samuel Giambra;

2283806.1

37

73.    The actions and/or inactions of the Defendants, as set forth at length in this Complaint and incorporated herein fully as through the same were set forth herein at length, resulted in outrageous, wanton, reckless, and consciously indifferent conduct and an unreasonable risk of bodily harm to the Plaintiff, Marilyn A. Giambra, and the Plaintiff's Decedent, Patrick Samuel Giambra, as a result of which the Plaintiff is entitled to punitive damages from the Defendants.

WHEREFORE, the Plaintiff, Marilyn A. Giambra, Individually, and as the Administratrix of the Estate of Patrick Samuel Giambra, hereby claims punitive damages from the Defendants, Christina Devore and Samara Wooster as the Co-Administrators of the Estate of Jeffrey R. Wooster, R.L. Johnson, Inc. and Superior Truck Lines Inc., in an amount in excess of that conferring Federal Court jurisdiction.

Respectfully submitted,

HOURIGAN, KLUGER & QUINN, P.C.

BY: _____
Nicole M. Santo, Esquire
Hourigan, Kluger & Quinn, P.C.
600 Third Avenue
Kingston, PA 18704
Phone No: (570) 287-3000
Fax No: (570) 287-8005
E-mail: nsanto@hkqpc.com
Identification Number: PA 309043

2283806.1

## VERIFICATION

I, MARILYN A. GIAMBRA, Individually, and as the Administratrix of the Estate of Patrick Samuel Giambra, Plaintiffs herein, do hereby certify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. This Verification is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
MARILYN A. GIAMBRA

2285188.1